UNITED STATES COURT OF APPEALS

**Filed 2/20/96**TENTH CIRCUIT

_____

JOHNNIE LOUIS McALPINE,         )
                                          )

     Plaintiff-Appellant,        )
                                          )

     v.                             )     No. 95-6340
                                          ) (D.C. No. CIV-94-1043-L)

UNITED STATES BUREAU OF PRISONS,    )     (W. Dist. Okl.)
LEON CRAWFORD, UNITED STATES OF    )
AMERICA, DR. GEORGE KLINDERFUSS,  )
and WAYNE HURST,                )
                                          )

     Defendants-Appellees.      )
                                          )

_____

ORDER AND JUDGMENT*

_____

Before TACHA, BALDOCK, and BRISCOE, Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of this

appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore ordered

submitted without oral argument.

Plaintiff, Johnnie Louis McAlpine, a federal prisoner, brought this 42 U.S.C. §

1983 action for money damages while confined at the Federal Prison Camp, El Reno,

Oklahoma, alleging his constitutional rights were violated because he was denied proper

medical care and he was assigned to work at a position that exceeded his physical

_____

*    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

capabilities.  He sued the United States, the Bureau of Prisons, Leon Crawford, camp administrator at the Federal Prison Camp, Dr. George Klinderfuss, head of orthopedics at U.S. Medical Center for Prisoners in Springfield, Missouri, and Wayne Hurst, dairy supervisor at the Federal Prison Camp.  The district court treated this action as a <u>Bivens</u> action filed pursuant to 28 U.S.C. § 1331 because McAlpine's complaint does not allege that state action resulted in the violation of his constitutional rights, a jurisdictional prerequisite for a 42 U.S.C. § 1983 action.

The district court adopted the magistrate court's findings and recommended disposition.  Two defendants, the United States and the Bureau of Prisons, were dismissed on sovereign immunity grounds.  Dr. Klinderfuss was dismissed for lack of personal jurisdiction because he did not live or work in the state of Oklahoma, and the alleged violation giving rise to McAlpine's claims against Dr. Klinderfuss did not occur in Oklahoma.  Summary judgment was granted in favor of  Hurst and Crawford on the merits.  The court held an isolated incident of assigning McAlpine to the dairy's utility crew until his medical status was confirmed, the period of assignment not exceeding one day, did not rise to the level of a violation of Eighth Amendment rights.  When his medical status was confirmed, he was promptly reassigned.

McAlpine contends the district court erred in denying his right to have interrogatories answered and to gather information to support his claims, and that the court erred in granting immunity to federal personnel.

We have reviewed McAlpine's brief, the pleadings, the magistrate's proposed findings and recommended disposition, and the district court's order, and have carefully examined the entire record on appeal.  Based upon our review of the record, we find no

reversible error.

AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

3